IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01699-MEH

MELEAHA R. GLAPION,

    Plaintiff,

v.

JULIAN CASTRO, Secretary, U.S. Department of Housing and Urban Development,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    This is an action seeking redress for alleged violations of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The parties anticipate that because of the nature of this action, discovery will include information that may be subject to the provisions of the Privacy Act and otherwise subject to protection from disclosure. Parties object to the disclosure of such information unless the disclosure is authorized and governed pursuant to a Protective Order.

    The Court has considered the Joint Motion for Entry of Stipulated Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court GRANTS said Motion. Thus, pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which may improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.      If any party discloses a document or information that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such disclosure.

2.      To address certain types of confidential information and documents covered by this Protective Order, the parties have agreed to designate certain information as "confidential" and limit disclosure accordingly.  This Protective Order shall apply to documents, materials, and information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure.  This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

3.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from which, after having been reviewed by one of parties, is designated by that party (as used in this document, "party" refers to a party and a party's counsel if that party has counsel) as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R.Civ. P. 26(c).  The designation as "Confidential Information" only affects how the receiving party handles such documents or information.  That is, the designation does not affect how the party who produces the document or information handles such documents or information apart from designating such documents or information as Confidential pursuant to this Protective Order.

4. The party designating any information as Confidential will make that designation in the following manner:

    a. By imprinting the word "Confidential" on any document;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request;

    c. With respect to documents, information, or data produced in a format in which imprinting the word "Confidential" is impractical (e.g., electronically stored information), by giving written notice to opposing counsel designating such documents, information, or data as "Confidential."

    d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential;" and

    e. With respect to documents provided by any third party to this action, by giving written notice to opposing counsel designating such portions as "Confidential."

5. All Confidential Information shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except

for purposes of this case and unless an affidavit has been signed by the recipient of the Confidential Information agreeing to abide by the terms of this Protective Order.

6. Individuals authorized to review Confidential Information received from the opposing party pursuant to this Protective Order also shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or written agreement by the party disclosing the Confidential Information.  Documents marked Confidential that were disclosed before the entry of this Protective Order shall be governed by this Protective Order.

7. Any counsel or party who discloses Confidential Information received from the opposing party shall be responsible for assuring compliance with the terms of this Protective Order by persons to whom such Confidential Information is disclosed and shall obtain and retain original affidavits signed by qualified recipients of the Confidential Information, and shall maintain a list of all persons to whom any Confidential Information received from the opposing party is disclosed.  During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel.

8. No copies of Confidential Information received from the opposing party shall be made except by or on behalf of counsel in this litigation.  Such copies shall be made and used solely for purposes of this litigation.  During this litigation, counsel shall retain custody of the Confidential Information received from the opposing party, and copies made there from.

9. A party may object to the designation of particular Confidential Information received from the opposing party by giving written notice to the party designating the

disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. Any quote, document, exhibit, or transcript designated Confidential in accordance with this Order received from the opposing party in any court filing or proceeding in this action, and which is otherwise admissible, may be used at trial, provided, however, the parties agree that they will first confer with the opposing party regarding the proposed disclosure and work with the Court to identify trial procedures, such as filing under seal and/or in camera reviews, that will protect and maintain the private nature of highly sensitive information. If filed under seal, the protected information will nevertheless be accessible to the Court. Should either party determine the Confidential Information may not be used, quoted or discussed as proposed by the party proposing such disclosure, then the party opposing such use shall proceed in accordance with the provisions of paragraph 9 above.

11. Upon termination of this litigation, including any appeals, each party's counsel

shall immediately return to the producing party all Confidential Information received from the opposing party provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made there from, or shall destroy such information within twenty-one days.  If the parties agree to destroy the Confidential Information, the destroying party shall provide the producing party with a certification or affidavit confirming the destruction.  The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information received from the opposing party pursuant to this Protective Order.

12. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible into evidence.

13. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, doctor-patient privilege or any other privilege.

14. All Confidential Information produced by Plaintiff and/or her treating medical sources are confidential and shall be subject to the provisions of this Order.

15. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 3rd day of October, 2014 in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

PROTECTIVE ORDER TENDERED FOR
REVIEW:

*s/ Meleaha R. Glapion*
Meleaha R. Glapion
Plaintiff
21025 E. 49th Ave.
Denver, CO 80249
(720) 297-8530

*s/ Timothy B. Jafek*
Timothy B. Jafek
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
(303) 454-0100
Attorney for Defendant

7