IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01699-MEH

MELEAHA R. GLAPION,

    Plaintiff,

v.

JULIAN CASTRO, Secretary, U.S. Department of Housing and Urban Development,

    Defendant.

---

## MINUTE ORDER
---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 17, 2014.**

    Plaintiff's Motion for Default Judgment [filed October 16, 2014; docket #47] is **denied without prejudice**. First, Plaintiff has failed to comply with D.C. Colo. LCivR 7.1(a), which states,

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

Plaintiff has been in contact with counsel for the Defendant in the past and does not explain why she did not attempt to confer with Defendant regarding this motion.

    Additionally, Rule 55 of the Federal Rules of Civil Procedure mandates a two-step process for a party seeking a default judgment in its favor. *Williams v. Smithson*, No. 95–7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995). First, the party must request "by affidavit or otherwise" that the Clerk enter default on the docket. *Id*. (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)); *see also* Fed. R. Civ. P. 55(a). Second, following the entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefore." Fed. R. Civ. P. 55(b)(2); *see also Williams*, 1995 WL 365988, at *1.

    Here, the Clerk of the Court has not recorded an entry of default pursuant to Rule 55(a), nor has Plaintiff requested entry of default. Plaintiff skipped directly to the second step of the process and moved for a default judgment, and therefore, her motion for default judgment is premature.