IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01699-MEH

MELEAHA R. GLAPION,

    Plaintiff,

v.

JULIAN CASTRO, Secretary, U.S. Department of Housing and Urban Development,

    Defendant.

---

## MINUTE ORDER
---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 8, 2015.**

    Before the Court are Defendant's two Motions for Summary Judgment [dockets ## 106, 108].
The Court struck Plaintiff's initial response, noting it totaled more than 500 pages of meandering, repetitive argument and unnecessary prose. *See* docket #121. The Court ordered Plaintiff to revise and re-file her brief and provided the following instruction:

> A response brief [] should be exactly that: a response to the arguments in the motion at hand. As such, it should not require more space than the number of pages in the motion and should aspire to refute the motion in a crisp, organized manner. What is a response brief not? It is not a forum for voluminous recitation of the initial complaint.

    Plaintiff proceeded to file a new Response (*see* docket #126), which the Court has now reviewed. The Court finds that this Response, while shorter as ordered, is plagued by possibly more problems than the first and fails to adhere to the above instructions.

    In the current Response, Plaintiff fails to address directly any of Defendant's more than 300 statements of undisputed facts. *See* docket #126. She instead via footnote indicates that she does not need to respond to the statements of fact but improperly directs the Court to use her answers in the stricken response (in which she did respond to each enumerated fact albeit with excessive verbiage and insufficient cites to the record; *see* docket #111 at 112-98). She then spends 80 pages essentially reiterating her Complaint, leaving the Court with practically no ability to determine whether there are remaining disputed material facts.

    Plaintiff also fails to cite appropriately. The current Response cites to a vast array of materials, but usually in nonsensical ways, pointing to documents not before the Court or through

which the Court would have to comb extensively to find relevant information. For example: "Written within page 7 of 28 of Plaintiff's March 20, 2012 removal reply attached to March 10, 2012 motion to amend and for injunctive relief provided to the EEOC and MSPB." Docket #126 at 4. Another: "See Complaint's Opposition to Agency's Motion for Summary Judgment Exhibits CD Disk I (BB) SLRP (96 pages)." *Id*. at 8. At times she cites back to other parts of the record but to lengthy documents and provides no page cites. *See, e.g.*, docket #126 at 11 (citing generally to her deposition). A vast amount of the time there are no cites at all. *See, e.g.,* docket #126 at 16-19, 64-65.

Plaintiff further cites to exhibits she has created that are filled with inadmissible statements and no citations to evidence in the Court's record. For example, she refers to "Doc. 117-4," a 36-page table of comments Plaintiff indicates prove bias but that has conclusory argument, not admissible evidence. *See* docket #117-4.

A party has four options under Fed. R. Civ. P. 56(c) to dispute a fact: (1) cite to record evidence contradicting the fact; (2) show that the cited evidence does not establish the presence or absence of a genuine dispute; (3) show that the adverse party cannot produce admissible evidence to support the fact; or (4) object that the fact is not supported by admissible evidence. Facts offered to dispute a defendant's statements of fact must be supported by "particular parts of material in the record." Fed. R. Civ. P. 56(c)(1)(A).

When a party fails to respond appropriately, the court has discretion to proceed using the moving party's facts as true. Fed. R. Civ. P. 56(e). While a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than those by lawyers, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Neilsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted).

Importantly, the Tenth Circuit has clearly directed that the Court is under no obligation to advance a plaintiff's case for her. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246-47 (10th Cir. 2003). The Tenth Circuit has explained even more explicitly:

> To withstand a motion for summary judgment, the nonmovant must do more than refer to allegations []contained in a brief. Sufficient evidence pertinent to the material issue must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein. Without a specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury.

*Gross v. Burggrat Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (internal citations and quotations omitted). The Tenth Circuit went on to cite the Seventh Circuit's oft-quoted admonishment of improper responses: "Judges are not like pigs, hunting for truffles buried in briefs." *Id*.

Therefore, once again, pursuant to D.C. Colo. LCivR 7.1(i), the Court **strikes** the Plaintiff's

Response to the pending motion (*see* docket #126). The Court **orders** Plaintiff to file a new Response by **August 3, 2015**, in exactly the following manner:

   1) <u>Respond</u>: Provide an answer to each of the enumerated facts asserted by Defendant (utilizing the four options described above regarding Fed. R. Civ. P. 56(c)).

   2) <u>Cite</u>: Provide a citation to the record for each answer. Each citation must include an exhibit number, page number, and line item(s) to which Plaintiff directs the Court. The cite must point directly to the relevant portion, not the document generally. Further, the Court will only consider citations that point to admissible evidence in the record before this Court. Should Plaintiff cite to information not before this Court, the Court will not consider it and will not grant additional leave to amend.

   3) <u>Organize</u>: Order the Response in the exact manner presented by Defendant in the Motions. The Court will not sift through pages to find responses that are scattered throughout the document.

   4) <u>Be brief</u>: Do not include extraneous information; instead *respond*. Plaintiff's Response may not exceed 80 pages.

Furthermore, because of the highly disorganized and voluminous filing of exhibits in this case, the Court also **orders** Plaintiff, in addition to filing her new Response and exhibits electronically, to <u>deliver paper copies of her Response and the relevant portions of all exhibits to which she cites, in the order in which they are referred in the Response</u> – one full copy to the Court and one full copy to Defendant. Plaintiff must file and send the materials by August 3, 2015. <u>Defendant may have 17 days beyond receipt of this mailing to file his Reply.</u>

**The Court warns Plaintiff that any deviation from this Order will result in the Court adopting Defendant's version of the facts as true in the consideration of the pending Motions.**

Additionally, in light of the above Order, the Court **vacates** the Final Pretrial Conference previously scheduled for July 23, 2015, at 1:30 p.m. The Court also **vacates** the Jury Trial previously scheduled for the week of August 24, 2015. Finally, the Court **denies as moot** Defendant's Motion for Leave to Conduct Preservation Deposition [filed July 8, 2015; docket #128] as the Motion involves a witness scheduled to be traveling during the dates of the now-vacated trial. At a later date, the Court will reset the Final Pretrial Conference and Jury Trial as appropriate.